09-0736-ag
Lin v. Holder

BIA
Mulligan, Thomas J., IJ
A077 997 856

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand and ten.

PRESENT: AMALYA L. KEARSE,
PETER W. HALL, *Circuit Judges*,
JED S. RAKOFF,[*] *District Judge*.

------------------------------------------------------------------x

HONG ZHEN LIN,

                      *Petitioner*,

    -v.-                                 No. 09-0736-ag

ERIC H. HOLDER, JR., United States Attorney General.

                      *Respondent-Appellee*.

------------------------------------------------------------------x

FOR THE PETITIONER: H. RAYMOND FASANO, Madeo & Fasano, New York, New York.

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

FOR THE RESPONDENT: Tony West, Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, and James A. Hurley, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

This is a petition for review of the Board of Immigration Appeals's (the "Board" or "BIA") order dismissing petitioner's appeal from the Immigration Judge's denial of his request for withholding of removal under the Convention Against Torture ("CAT"). **UPON DUE CONSIDERATION** of the petition, **it is hereby ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Hong Zhen Lin, a native and citizen of the People's Republic of China ("China"), seeks review of a January 26, 2009 order of the BIA, affirming the November 29, 2007 decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied Lin's application for withholding of removal under the CAT. *In re Hong Zhen Lin*, No. A077 997 856 (B.I.A. Jan. 26, 2009), *aff'g* No. A 77 997 856 (Immig. Ct. N.Y. City Nov. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. DHS*, 494 F.3d 281, 289 (2d Cir. 2007). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). To obtain relief under CAT, the applicant bears the

burden of proving "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

The record supports the agency's determination that Lin failed to meet his burden to prove he was eligible for withholding of removal under CAT. As he did before the agency, Lin argues two bases for CAT relief. Lin argues that the evidence in the record demonstrates that it is more likely than not: (1) that he will be tortured by Chinese government officials on account of his illegal departure, and (2) that he will be tortured by loan sharks with the acquiescence of government officials on account of his unpaid debt.

As to the first argument, we have held that an applicant cannot demonstrate that he is more likely than not to be tortured "based *solely* on the fact that [he] is part of the large class of persons who have illegally departed China" and on generalized evidence indicating that torture sometimes occurs in Chinese prisons. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005); *see also Pierre v. Gonzales*, 502 F.3d 109, 116-19 (2d Cir. 2007) (holding that, beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). On that same point, Lin argues on appeal that the agency failed to fully and fairly consider the background evidence he submitted. Although an IJ cannot ignore material record evidence in considering an application for relief, we do not require the agency to provide detailed analysis of every piece of evidence in the record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336-37 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Here, we are not compelled to conclude that the agency's denial of Lin's application for CAT

relief was error, as Lin provided no basis for the agency to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of torture. *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

As to the second argument, Lin argues that he will be tortured by loan sharks in China—to whom his family allegedly owes approximately $20,000—with the acquiescence of the Chinese government. However, the agency's determination that Lin failed to show that the government would not control the loan sharks was not error where Lin failed to present any evidence to show acquiescence by the Chinese government in any torture by loan sharks. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.18(a)(1). Accordingly, we will not disturb the agency's denial of Lin's application for CAT relief.

We have considered all of Lin's contentions on this petition for review and have found them to be without merit. For the foregoing reasons, the petition for review is DENIED. Petitioner's motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk